# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

**BAILEE HANEY and**
**JAMES FRANK,**
individually and on behalf of
all those similarly situated,
        Plaintiffs,

    v.                                                    Case No. 24-cv-262

**Chad Zeske,**
        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.  This is a collective and class action brought by Plaintiffs, Bailee Haney and James Frank, individually and on behalf of the proposed classes. Plaintiffs and the putative collective and class members were employees of Defendant Chad Zeske at times since February 28, 2021. Since then, Defendant has had uniform policies and practices of failing to pay overtime premium wages in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour law resulting from their failure to pay for all hours worked by their employees. As a result, Defendant has failed and continues to fail to properly compensate Plaintiffs and the putative class members for all hours worked.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff Bailee Haney is an adult resident of Brown County, Wisconsin. Plaintiff Haney has consented in writing to assert claims for overtime wages under the FLSA. Their consent form is filed as **Exhibit 1**.

5. Plaintiff James Frank is an adult resident of Brown County, Wisconsin. Plaintiff Frank has consented in writing to assert claims for overtime wages under the FLSA. Their consent form is filed as **Exhibit 2**.

6. Defendant Chad Zeske is an adult resident of Wisconsin. Defendant Chad Zeske is the owner of Holy Smokes and acted directly or indirectly in the interest of Holy Smokes in relation to Plaintiff, the putative class members, and collective members.

7. Defendant Chad Zeske is the sole proprietor of Holy Smokes, a smoke shop in Green Bay Wisconsin, Menominee Michigan, and Escanaba Michigan. Defendant Chad Zeske does business as Holy Smokes.

8. The FLSA Overtime Wage Class is defined as:

> All persons who worked as hourly employees of Defendant and who worked more than forty hours a workweek at any time since February 28, 2022.

9. The Wisconsin Class is defined as:

> All persons who worked as hourly employees of Defendant and who worked at any time since February 28, 2022.

## FACTUAL ALLEGATIONS

10. Defendant operates smoke shops under the name Holy Smokes in Wisconsin and Michigan.

11. Defendant's annual gross volume of business exceeds $500,000 and has done so for the three years preceding the filing of this complaint.

12. Plaintiffs and members of the FLSA Overtime Class worked for Defendant at times since February 28, 2021.

13. Plaintiffs and members of the Wisconsin Class worked for Defendant at times since February 28, 2022.

14. Defendant purchases and resells products that have traveled through interstate commerce to Defendant's customers.

15. Plaintiffs regularly processed credit card transactions through interstate commerce.

16. Defendant has uniform policies and practices applicable to members of the FLSA Overtime Class and Wisconsin Class.

17. Defendant agreed to pay Plaintiff, the FLSA Overtime Class, and the Wisconsin Class at agreed upon hourly rates for all hours worked.

18. Defendant agreed to pay Plaintiff Bailee Haney $13.50 for each hour she worked.

19. Defendant agreed to pay Plaintiff Jame Frank $12.00 for each hour she worked.

20. Defendant uniformly failed to pay for all hours recorded on the timecards submitted by Plaintiffs and members of the FLSA Overtime Class and Wisconsin Class. Rather, rather than pay Plaintiffs and the members of the FLSA Overtime Class and Wisconsin Class the number of hours recorded on their timesheets, it was Defendant's policy to simply pay the members of the FLSA Overtime Class and Wisconsin Class eight hours each shift.

21. Defendant, by operation of Defendant's policies and practices, failed to pay for all hours worked by the members of the FLSA Overtime Class and Wisconsin Class.

22. As an example, during the workweek ending on September 3, 2023, Plaintiff James Frank worked and recorded on his timecard 43.17 hours. However, Defendant only paid Plaintiff Jame Frank for 40 of those hours worked.

23. During the workweek ending September 3, 2023, Defendant failed to pay Plaintiff James Frank $38.04 in agreed upon wages and $19.02 in overtime wages.

24. As an additional example, during the workweek ending May 29, 2023, Plaintiff Bailee Haney worked and recorded on her timecard 45.33 hours. However, Defendant only paid Plaintiff Bailee Haney for 40 of those hours worked.

4

25. During the workweek ending May 29, 2023, Defendant failed to pay Plaintiff Bailee Haney $71.96 in agreed upon wages and $35.98 in overtime wages.

26. Plaintiff, the FLSA Overtime Class, and the Wisconsin Class worked more than forty hours in various workweeks since February 28, 2021.

27. Despite working more that forty hours in various workweeks, Defendant has failed and refused to pay Plaintiffs, the FLSA Overtime Class, and the Wisconsin Class overtime premium compensation.

28. Defendant paid Plaintiffs, the FLSA Overtime Class, and the Wisconsin Class the same hourly rate regardless of the number of hours worked each workweek.

29. Defendant was aware that Defendant was not paying Plaintiffs, the FLSA Overtime Class, and the Wisconsin Class for all hours recorded on their timecards.

30. Defendant engaged in the foregoing conduct in a willful manner and for dilatory or other unjust reasons.

31. Defendant is involved in the management, supervision, and oversight of Holy Smokes; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decisions, and policy making; is involved in Holy Smokes day-to-day functions; has a role in determining the employees' rate and method of compensation; and has control over the hours of work performed at Holy Smokes.

32. Defendant specifically was involved in the decisions to implement certain policies that resulted in Defendant failing to pay overtime compensation, and as alleged herein.

## CLASS ALLEGATIONS

33. Plaintiffs bring the Second Claim for Relief individually and on behalf of the Wisconsin Class pursuant to Federal Rule of Civil Procedure 23(a) and (b).

34. The individuals in the Wisconsin Class are so numerous that joinder of each class's members is impracticable.

35. There are questions of law and fact common to the Wisconsin Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Plaintiffs and members of the Wisconsin Class are employees;

    b. Whether Defendant maintained a common practice and policy of not paying compensation to the Wisconsin Class for all hours worked;

    c. The nature and amount of compensable work performed by Plaintiffs and members of the putative class;

    d. The proper measure of damages sustained by Plaintiffs and members of the putative class; and

    e. Whether Defendant acted for dilatory or other unjust reasons.

36. Plaintiffs' claims are typical of those of the Wisconsin Class. Plaintiffs, like other members of the Wisconsin Class, were subjected to Defendant's illegal

pay policy and practice resulting in a wage loss, including Defendant's policy of not paying compensation for all hours worked and recorded.

37. Plaintiffs will fairly and adequately protect the interests of the Wisconsin Class and have retained counsel experienced in complex wage and hour litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

39. Certification of the Wisconsin Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Class the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

40. Plaintiffs intend to send notice to all members of the Wisconsin Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiffs, individually and on behalf of the FLSA Overtime Class, allege and incorporate by reference the allegations in the preceding paragraphs.

42. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

43. Plaintiffs and members of the FLSA Overtime Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

44. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

45. Plaintiffs and members of the FLSA Overtime Class are not exempt from the overtime pay requirements of the FLSA.

46. During the applicable statute of limitations up to and continuing through the present, Plaintiffs and members of the FLSA Overtime Class performed work in excess of forty hours in at least one workweek.

47. During the applicable statute of limitations up to and continuing through the present, Defendant did not pay Plaintiffs and members of the FLSA Overtime Class one-and-one-half times their regular rate of pay for all hours worked in excess of forty per workweek.

48. The foregoing practice violates the FLSA.

49. Defendant's violation of the FLSA was willful.

50. Because of these violations, Plaintiffs and members of the FLSA Overtime Class have suffered and continue to suffer wage loss.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES**
**IN VIOLATION OF WISCONSIN LAW**

51. Plaintiffs, individually and on behalf of the Wisconsin Class, allege and incorporate by reference the allegations in the preceding paragraphs.

52. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

53. Plaintiffs and members of the Wisconsin Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

54. Wisconsin law requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

55. Plaintiffs and members of the Wisconsin Class are not exempt from the overtime pay requirements of Wisconsin law.

56. During the applicable statute of limitations up to and continuing through the present, Plaintiffs and members of the Wisconsin Class performed work in excess of forty hours in at least one workweek.

57. During the applicable statute of limitations up to and continuing through the present, Defendant did not pay Plaintiffs and members of the

Wisconsin Class one-and-one-half times their regular rate of pay for all hours worked in excess of forty per workweek.

58. The foregoing practice violates Wisconsin law.

59. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

60. Because of these violations, Plaintiffs and members of Wisconsin Class have suffered and continue to suffer wage loss.

## THIRD CLAIM FOR RELIEF:
## FAILURE TO PAY AGREED UPON WAGES
## IN VIOLATION OF WISCONSIN LAW

61. Plaintiffs, individually and on behalf of the Wisconsin Class, allege and incorporate by reference the allegations in the preceding paragraphs.

62. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

63. Plaintiffs and members of the Wisconsin Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

64. Wisconsin law requires employers to pay the agreed upon wage rate for all hours worked by employees.

65. Defendant agreed to pay Plaintiffs and the members of the Wisconsin Class an agreed upon hourly rate of pay evidenced by the rate indicated on Plaintiffs' paystubs received from Defendant.

66. During the applicable statute of limitations up to and continuing through the present, Defendant did not pay Plaintiffs and members of the Wisconsin Class the agreed upon hourly rate for all hours worked by Plaintiffs.

67. The foregoing practice violates Wisconsin law.

68. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

69. Because of these violations, Plaintiffs and members of Wisconsin Class have suffered and continue to suffer wage loss.

## DEMAND FOR RELIEF

Plaintiffs demands the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Class;

B. An order certifying this action as a class action on behalf of the proposed the Wisconsin Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Bailee Haney and James Frank as representative of the Wisconsin Class;

D. An order designating Hawks Quindel, S.C. as class counsel for the Wisconsin Class;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order finding that Defendant violated the FLSA and Wisconsin wage-and-hour laws;

11

G. Judgment against Defendant in the amount equal to the unpaid wages owed to Plaintiffs and members of the FLSA Overtime Class, and the Wisconsin Class;

H. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage-and-hour laws;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J. Leave to amend the Complaint to add additional claims; and

K. Such further relief as the Court deems just and equitable.

Submitted on this 28th day of June 2024

*s/ Larry A. Johnson*
Larry A. Johnson, Bar No. 1056619
Connor J. Clegg, Bar No. 1118534
Timothy P. Maynard, Bar No. 1080953
Summer H. Murshif, Bar No. 1075404
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
   cclegg@hq-law.com
   tmaynard@hq-law.com
   smurshid@hq-law.com