# Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Bailee Haney and James Frank ("Plaintiffs"), individually and on behalf of Andrew Gomes, Mackenzie Blevins, Rachel Moeller, Zacaree Baldwin, Anthony Wray, and Andrew Leedle who have opted into this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Members"), and Defendant Chad Zeske d/b/a Holy Smokes ("Defendant").

## Recitals

WHEREAS, in an action captioned *Bailee Haney, et al. v. Chad Zeske*, 24-CV-262 (E.D. Wis.) ("Lawsuit") and filed with the United States District Court for the Eastern District of Wisconsin, Plaintiffs allege that Defendant failed to pay them and other similarly situated employees overtime wages in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour law.

WHEREAS, Defendant denies the allegations in the Lawsuit and denies any and all liability to Plaintiffs and the Collective Members.

WHEREAS, the Parties engaged in settlement negotiations after sharing time and payroll records through informal discovery.

WHEREAS, Plaintiffs' Counsel has represented Plaintiffs and negotiated with Defendant at arm's length throughout this matter to ensure that Plaintiffs and the Collective Members are properly compensated.

WHEREAS, this Agreement resolves bona fide disputes as alleged in the Complaint involving compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et al.* ("FLSA") and Wisconsin wage and hour laws.

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with continued litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties settle, compromise, and resolve the released claims as specified herein on the following terms:

I.  **General Terms of Settlement.**

  A.  The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of this Agreement from the Court, to effectuate its terms, and to cause the Lawsuit to be dismissed with prejudice once payment has been completed.

  B.  The Parties acknowledge and will represent to the Court that this Agreement is fair, adequate, and reasonable.

  C.  In exchange for the release of the claims and other promises contained herein, Defendant will, in accordance with the manner, timing, and amounts provided herein, make payments in the gross amount of $39,000.00.

  E.  Plaintiffs understand and acknowledge that, although Defendant is entering into this Agreement and making the payments hereunder, Defendant does not admit any wrongdoing or violation of federal or state statutes, regulations, or laws of any kind, including those cited in the Lawsuit and Section II.A below, and expressly denies the same.

II.  **Release of Claims, Acknowledgments, and Agreement to Cooperate.**

  A. **Release of Claims by Plaintiffs.**

  Plaintiffs and their heirs and assigns, in addition to their other legal representatives, hereby and forever completely release and discharge Defendant and Defendant's respective past and present owners officers, directors, stockholders, managers, members, partners, agents, insurers, and attorneys, as well as any related corporate or business units, from any and all known or unknown claims, which may be releasable by law, of any kind that arose out of Plaintiffs' employment with Defendant and that occurred up to the date of their execution of this Agreement, including:

  (1) claims pursuant to the FLSA, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103, 109, 111 and Wis. Admin Code Ch. DWD §§ 272 and 274;

  (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit;

  (3) Title VII of the Civil Rights Act of 1964, as amended;

2

(4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981);

(5) the Genetic Information Nondiscrimination Act;

(6) the Americans with Disabilities Act, as amended;

(7) the Equal Pay Act;

(8) the National Labor Relations Act;

(9) the Employee Retirement Income Security Act of 1974;

(10) the Wisconsin Fair Employment Act;

(11) the Wisconsin Business Closing law;

(12) state or federal parental, family and medical leave acts;

(13) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status;

(14) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and

(15) any other federal, state or local law, statute or ordinance affecting Plaintiffs' employment with or termination from Defendant.

Plaintiffs do not release Defendant from claims which cannot be released by law, including claims for workers' compensation.

## B. Release of Claims by Collective Members.

Upon approval of this Agreement, each of the Collective Members will be deemed to have fully released Defendant and Defendant's respective past and present owners officers, directors, stockholders, managers, members, partners, agents, insurers, and attorneys, as well as any related corporate or business units, from all FLSA claims arising out of or related to Defendant's non-payment of any pay or benefits, including overtime pay, through October 16, 2024.

3

## III. Settlement Payments

A. **Settlement Fund.** In consideration for the releases in Section II above, Defendant will pay $39,000.00 ("Settlement Fund"). This Settlement Fund is inclusive of all wages and compensation alleged to be due to Plaintiffs and the Collective Members in the Lawsuit, attorneys' fees and costs, liquidated damages, and civil penalties. If this Agreement is not approved by the Court, Defendant will not have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II will not be effectuated, and this matter will move forward in litigation.

B. **Overview of Allocation of the Settlement Fund.**

1. **Attorneys' fees and costs.** $13,492.80 of the Settlement Fund will be allocated as attorneys' fees and costs and paid out as provided herein. Plaintiffs' Counsel will move the Court for an award of attorneys' fees in connection with seeking approval of this settlement agreement. Defendant will issue a corresponding IRS Form 1099 to Plaintiffs' Counsel.

2. **Collective Settlement Funds.** The remaining portion of the Settlement Fund will be allocated among Plaintiffs and the Collective Members as follows:

    a. Bailee Haney – Defendant will pay Bailee Haney $6,457.28. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

    b. James Frank – Defendant will pay James Frank $226.87. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

    c. Andrew Gomes – Defendant will pay Andrew Gomes $1,160.14. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper

4

withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

d. Mackenzie Blevins – Defendant will Mackenzie Blevins $8,317.26. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

e. Rachel Moeller – Defendant will pay Rachel Moeller $8,358.93. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

f. Zacaree Baldwin – Defendant will pay Zacaree Baldwin $712.48. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

g. Anthony Wray – Defendant will pay Anthony Wray $115.56. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

h. Andrew Leedle – Defendant will pay Andrew Leedle $158.68. For tax purposes, one-half of this payment shall be for wage damages, and Defendant shall make proper withholdings and deductions and shall report this portion on an IRS Form W-2. The other one-half of this payment shall be for liquidated damages, and Defendant shall report this portion on an IRS Form 1099.

## IV. Settlement Approval Process

### A. Interim Stay of Proceeding.

Pursuant to the Court's October 18, 2024, order, the Parties have agreed to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete this Agreement, in abeyance pending approval of the Court.

### B. Approval of Settlement.

The Parties will file with the Court a joint motion for settlement approval, proposed order, and supporting brief, in forms mutually agreed to by the Parties. Plaintiffs' Counsel will draft these documents. A fully executed copy of this Agreement will be filed along with these approval documents. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement.

## V. Settlement Payment and Dismissal.

### A. Payment Schedule.

Within 30 days of the Court's order approving the settlement terms, Defendant will deliver to Plaintiffs' Counsel the payments identified above in Section III totaling $39,000.00. Defendant will deliver payments to Hawks Quindel, S.C., 5150 North Port Washington Road, Suite 243, Milwaukee, WI, 53217.

### B. Dismissal.

Within 14 days of receiving all of the payments identified in Section III above, Plaintiffs will dismiss their claims with prejudice as to them and the Collective Members and without further costs to either party.

## VI. Breach

If Defendant breaches this Agreement by failing to timely make the payments provided herein, Defendant will have 14 calendar days from the date it receives notice of a breach to cure such breach. Notice of any such breach will be provided via email to:

Attorney Oyvind Wistrom - OWistrom@lindner-marsack.com

If the breach is not cured within the time set forth above, the non-breaching party

6

Case 1:24-cv-00262-WCG   Filed 11/13/24   Page 6 of 8   Document 27

will be entitled to its reasonable attorneys' fees incurred to enforce the terms of the settlement. The Parties further agree that the court will retain jurisdiction over this matter for the sole purpose of enforcing the settlement and will not dismiss this matter until the Parties and informed the Court that the Settlement Fund has been fully paid.

## VI. No Admission

Nothing in this Agreement will be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. The Parties have entered into this Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses.

## VII. Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the parties and that this Agreement will not be construed in favor of or against any party.

## VIII. Jurisdiction

The Parties consent to the United States District Court for the Eastern District of Wisconsin retaining jurisdiction over this matter for the sole purpose of enforcing the terms of this Agreement.

## XI. Governing Law

This Agreement will be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XII. Entire Agreement

This document constitutes the entire Agreement between the Parties with regard to the matters set forth herein and supersede any prior written or oral agreements. In entering into this Agreement, Plaintiffs expressly acknowledge that they are not relying on advice from Defendant, including Defendant's principals, owners, or attorneys, or any other individual or entity other than Plaintiffs' Counsel.

## XIII. Severability

If any provision of this Agreement is found invalid or unenforceable in whole or in part, that provision will be deemed excised from this Agreement.

## XIV. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DropboxSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

11 / 06 / 2024

Dated

Bailee Haney, on behalf of herself and the Collective Members

11 / 06 / 2024

Dated

James Frank, on behalf of himself and the Collective Members

11/4/24

Dated

Chad Zeske